IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01677-BNB

SARAH HEIGHT,

    Plaintiff,

v.

A. ZAVARAS, D.O.C.,
DEPT. OF CORRECTIONS,
L. REID, La Vista,
LA VISTA,
LT. D. ZANDER,
LT. P. MARTINEZ,
C/O ELLIOTT,
SGT. MAYO,
SGT. L. MAPES, et al.,
K. WASKO,
LT. J. SCOLERI,
LT. S. HUGHBANKS,
LT. V. BRUNETT,
MAJOR K. THOMPSON,
LT. JORDAN, and
JOHN DOES 1-100,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 3 2010

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Sarah Height, initiated this action by filing *pro se* a Prisoner Complaint while she was in the custody of the Colorado Department of Corrections at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Height asserts claims pursuant to 42 U.S.C. § 1983 alleging that her rights under the United States Constitution have been violated. On July 20, 2010, and again on August 20, 2010, Ms. Height filed notices of change of address that appear to indicate she has been released from prison.

The court must construe the complaint liberally because Ms. Height is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Height will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

The court has reviewed Ms. Height's complaint and finds that it is deficient. First, it appears that two of the Defendants identified by Ms. Height in the caption of the complaint are not proper Defendants in this action. Ms. Height is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It does not appear that the Defendants identified in the caption of the complaint as "Dept. of Corrections" and "La Vista" are persons subject to suit pursuant to § 1983. Therefore, Ms. Height will be directed to file an amended complaint that clarifies who she is suing. Ms. Height should name as Defendants in the amended complaint the persons she believes actually violated her constitutional rights.

Ms. Height also must clarify in her amended complaint the specific claims for relief she is asserting against each named Defendant and she must allege specific facts that demonstrate how each named Defendant personally participated in the asserted violations of her rights. Ms. Height asserts two claims alleging that her rights were violated as a result of her placement in segregation pending an investigation and in connection with a prison disciplinary hearing. However, she fails to identify what each

named Defendant did that allegedly violated her rights and she apparently expects the court to determine which Defendant or Defendants she is asserting each claim against. That is not the court's responsibility. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Ms. Height "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, personal participation is an essential allegation in a civil rights action. *See* **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Height must show that each Defendant caused the deprivation of a federal right. *See* **Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See* **Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See* **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1948 (2009). Therefore, when a plaintiff is suing a supervisory official "under *Bivens* or § 1983 for conduct 'arising form his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution,

but that the official by virtue of his own conduct and state of mind did so as well."

*Dodds v. Richardson*, – F.3d –, 2010 WL 3064002 at *7 (10th Cir. Aug. 6, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Accordingly, it is

ORDERED that Ms. Height file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if she wishes to pursue her claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Height, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Ms. Height fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 23, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01677-BNB

Sarah Height
Prisoner No. 118170
152 Delmar Circle #101
Aurora, CO 80011

I hereby certify that I have mailed a copy of the **ORDER two copies of the Prisoner Complaint form** to the above-named individuals on 8/23/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk